UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| CRAIG DENNIS JOHNSON, JR, § § Plaintiff, § § VS. § YOAKUM COMMUNITY HOSPITAL, *et al.*, § § Defendants. § | CIVIL ACTION NO. 6:21-CV-00018 |

## MEMORANDUM AND RECOMMENDATION

Now pending are Plaintiff Craig Dennis Johnson, Jr.'s various motions for default judgment (D.E. 27, 28, 29, 30, 31, 32) and motions for entry of default (D.E. 37, 38, 39, 40, 41, 42, 43). Although titled differently, liberally construed, the motions all request the entry of default against specified defendants. It is recommended that the motions be **DENIED** because Johnson has not shown proof of proper service. Additionally, because several other defendants must be re-served, it is recommended that his motion for the United States Marshals Service to serve the complaint on Ashley Gibbs (D.E. 13) be **DENIED WITHOUT PREJUDICE**.

"A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the [necessary time] and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). "Any person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). An individual within a judicial district of the

United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court if located or where service is made," or by: (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling with someone of suitable age or discretion who resides there; or (3) delivering a copy of each to an authorized agent. Fed. R. Civ. P. 4(e). A state, municipal corporation, or any other state-created governmental organization must be served by: (1) delivering a copy of the summons and complaint to its chief executive officer; or (2) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant. Fed. R. Civ. P. 4(j)(2). Service by mail is not explicitly authorized by either Rule 4(e) or 4(j).

In Texas, a defendant may be served by: (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt request, a copy of the citation and of the petition. Tex. R. Civ. P. 106(a). Process may be served anywhere by: (1) a sheriff or constable or other person authorized by law; (2) any person authorized by law or by written order of the court who is not less than eighteen years of age; or (3) any person certified under order of the [Texas] Supreme Court. Tex. R. Civ. P. 103. "Service by registered or certified mail and citation by publication must, if requested, be made by the clerk of the court in which the case is pending. But no person who is a party to or interested in the outcome of a suit may serve any process in that suit." *Id.* Texas courts have concluded that service by mail can be made by either the clerk of the court or any other

authorized person. *P & H Transp., Inc. v. Robinson*, 930 S.W.2d 857, 859 (Tex. App.—Houston 1996).

Here, Johnson has submitted evidence that he served each of the defendants[1] referenced in his motions by sending a copy of the summons and complaint himself through certified mail. (D.E. 11). However, service by mail is not explicitly authorized by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4. Further, under these circumstances, it is not authorized by reference to the Texas rules for service either. *See* Fed. R. Civ. P. 4(e)(1) (noting that one way of proper service is by following state law regarding how to serve). While the Texas rules allow for service by mail, that service can only be made by the clerk of the court or any other authorized person. Tex. R. Civ. P. 103, 106(a); *Robinson*, 930 S.W.2d at 859. A person who is a party cannot serve process in the suit. Fed. R. Civ. P. 4(c)(2); Tex. R. Civ. P. 103. Accordingly, Johnson personally mailing copies of the summonses and complaint to the Defendants was not proper service, and the entry of default would be inappropriate.

Further, despite the fact that service was deficient, the majority of the Defendants have now filed responsive motions. (*See* D.E. 18, 44, 47). Of those defendants that Johnson seeks default against, only Clark, Old, and Albrecht have failed to respond to the complaint. Because the Defendants were not properly served, the responsive motions were

---

[1] Johnson seeks default against the following 13 defendants: Adam Clark, William Old, the City of Hallettsville, Sherry T. Henke, Roderick Johnson, Lavaca County, Becky Perez, Calvin Albrecht, Jimmie Heiman, Micah Harmon, the Lavaca County Sheriff's Office, Mark Ivey, and Timothy Pawlik.

all timely.[2]  Finally, Johnson also filed a motion for the United States Marshals Service to serve the summons and complaint on Defendant Ashley Gibbs.  (D.E. 13).  Because Johnson may now need to re-serve several other Defendants, it is recommended that this motion be denied without prejudice to re-filing should Johnson still seek to have the Marshals serve Gibbs.

Accordingly, it is recommended that the default motions (D.E. 27, 28, 29, 30, 31, 32, 37, 38, 39, 40, 41, 42, 43) be **DENIED** and the motion for the United States Marshals Service to serve the complaint on Ashley Gibbs (D.E. 13) be **DENIED WITHOUT PREJUDICE**.

Respectfully submitted on July 15, 2021.

_____
Julie K. Hampton
United States Magistrate Judge

---

[2] Notably, Defendants Yoakum Community Hospital, Lavaca County, Micah Harmon, Daniel Peters Jr., Becky Perez, Timothy Pawlik, Jimmie Heiman, Mark Ivey, Sherry Henke, Stuart Fryer, the City of Hallettsville, and Roderick Johnson have waived any argument regarding insufficient service of process for the purposes of dismissal of this case.  Each of these defendants has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b) without raising this argument, meaning it is waived.  Fed. R. Civ. P. 12(h)(1)(A), (g)(2).  Accordingly, Johnson does not need to serve these defendants again.

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).