United States District Court
Southern District of Texas
**ENTERED**
October 04, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| CRAIG DENNIS JOHNSON, JR., § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 6:21-cv-00018 |
| § | |
| YOAKUM COMMUNITY HOSPITAL, § ET AL., § § | |
| Defendants. § | |

## ORDER ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the July 15, 2021 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Julie K. Hampton. (Dkt. No. 52). In the M&R, Magistrate Judge Hampton recommends *pro se* Plaintiff Craig Dennis Johnson, Jr.'s Motions for Default Judgment and Motions for Entry of Default be denied and Motion for Service be denied without prejudice. (*Id.*). Johnson timely filed his objections, (Dkt. No. 53); (Dkt. No. 56), and the Lavaca County Defendants and City of Hallettsville Defendants filed a response,[1] (Dkt. No. 57).

The Court has conducted *de novo* review of the M&R, the objections, the record, and the applicable law. *See* 28 U.S.C. § 636(b)(1)(C). A district court conducting *de novo* review "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge" and "may also receive further evidence

---

[1] The Lavaca County Defendants include Lavaca County, Micah Harmon, Daniel Peters, Jr., Becky Perez, Timothy Pawlik, Jimmie Heimen, Mark Ivey, Sherry Henke, and Stuart Fryer. *See* (Dkt. No. 57 at 1). The City of Hallettsville Defendants include the City of Hallettsville and Roderick Johnson. *See* (*Id.*).

or recommit the matter to the Magistrate Judge with instructions." *Id.* For the following reasons, the Court **ACCEPTS** the M&R as its Memorandum Opinion and Order.

I.   **OBJECTIONS TO A MEMORANDUM & RECOMMENDATION**

The Parties were provided notice and the opportunity to object to the July 15, 2021 M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); General Order No. 2002-13. The deadline for the Parties to file objections was fourteen days after being served with a copy of the M&R. 28 U.S.C. § 636(b)(1). The Defendants did not object. Johnson's objections, on the other hand, were timely filed on July 26, 2021. (Dkt. No. 53); (Dkt. No. 56). Accordingly, the Court will conduct *de novo* review. *See* 28 U.S.C. § 636(b)(1)(C).

II.  **BACKGROUND**

On April 22, 2021, Johnson filed his Complaint. (Dkt. No. 1). He asserts a laundry list of claims spanning numerous years, starting with alleged wrongdoing at a hospital in 2011 or 2012 related to his paternity rights. (*Id.* at 6–7, 32–51). Shortly after this suit was filed, the Court held a hearing regarding Johnson's summonses. The Court denied Johnson's request to issue custom summonses and instructed Johnson to issue unaltered summonses on the proper forms. The case was then referred to Magistrate Judge Hampton. (Dkt. No. 6).

The Clerk of Court issued summonses on May 24, 2021. (Dkt. No. 9). Magistrate Judge Hampton determined that these summonses were filed on the proper forms but directed Johnson to issue service of process in accordance with Rule 4(m) of the Federal

2

Rules of Civil Procedure.[2] (Dkt. No. 10).  Returns were filed, apparently showing that the summonses were delivered via USPS Priority Mail.  (Dkt. No. 11).  Johnson explains that he sent these summonses via USPS but some defendants were not served.  (Dkt. No. 11-1); (Dkt. No. 12); (Dkt. No. 13).  He also "orders" the US Marshals to serve a defendant. (*Id.*).  The Court construes Johnson's "order" as a Motion for Service under Rule 4(c)(3).[3] *See* (Dkt. No. 13).[4]

Johnson proceeded to file numerous Motions for Default Judgment, (Dkt. No. 27); (Dkt. No. 28); (Dkt. No. 29); (Dkt. No. 30); (Dkt. No. 31); (Dkt. No. 32), and Motions for Entry of Default, (Dkt. No. 37); (Dkt. No. 38); (Dkt. No. 39); (Dkt. No. 40); (Dkt. No. 41); (Dkt. No. 42); (Dkt. No. 43).  Johnson argues the Defendants are in default because they were served via USPS but failed to timely answer.  (*Id.*).  On July 15, 2021, Magistrate

---

[2] Rule 4(m) states in full:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

[3] Rule 4(c)(3) provides:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Notably, Johnson paid the filing fee in this case.

[4] (Dkt. No. 11-1), (Dkt. No. 12), and (Dkt. No. 13) are all the same filing, but (Dkt. No. 13) is the only version of the filing that was docketed as a standalone motion.

3

Judge Hampton recommended the Court deny the Motions for Default Judgment, Motions for Entry of Default, and construed Motion for Service. (Dkt. No. 52).

## III.   REVIEW OF THE OBJECTIONS

Magistrate Judge Hampton recommends that the Court deny the Motions for Default Judgment and Motions for Entry of Default because Johnson has not shown proof of proper service. (Dkt. No. 52). Specifically, service by mail is not explicitly authorized under the Federal Rules of Civil Procedure, and service by mail is only permissible under the Texas Rules of Civil Procedure if service is "made by the clerk of the court or any other authorized person." (*Id.* at 2–3). Magistrate Judge Hampton also recommends that the Court deny Johnson's construed Motion for Service because Johnson will need to re-serve several other defendants. (*Id.* at 1, 4).

In two virtually identical filings, Johnson objects to the M&R, arguing service is proper and that the Defendants are in default.[5] (Dkt. No. 53); (Dkt. No. 56). Johnson raises two main arguments. First, he points out that the summonses and complaint were mailed by Andrea Hightower, a non-party over the age of eighteen. (Dkt. No. 53 at 2–3). Second, Johnson argues that service via USPS is proper under Texas Rules of Civil Procedure 103 and 106 because he gave Hightower "consent with the court[']s order stating for the prosecutor to have the parties served." (*Id.* at 3, 11). He also raises

---

[5]   The only discernable difference between the two objections is that the second objection includes Johnson's affidavit that explains Andrea Hightower was paid to deliver the summons to USPS. *Compare* (Dkt. No. 56 at 13-15) *with* (Dkt. No. 53-1). *See also* (Dkt. No. 54). Andrea Hightower similarly filed an affidavit explaining that Johnson paid her to personally mail the summons via USPS. (Dkt. No. 55).

4

additional arguments regarding default that are relevant only if the Defendants were properly served. *See* (*Id.* at 6–10).

The Lavaca County Defendants and City of Hallettsville Defendants filed a response, echoing Magistrate Judge Hampton's observations that service by mail is not explicitly authorized by the Federal Rules of Civil Procedure and that Hightower is not authorized to serve under the Texas Rules of Civil Procedure. (Dkt. No. 57 at 1–2). Moreover, default is procedurally improper because "the Lavaca County Defendants and the City of Hallettsville Defendants have sufficiently appeared before entry of default." (*Id.* at 3).

## IV. LEGAL STANDARDS

Federal Rule of Civil Procedure 4 governs service of process. *BHTT Ent., Inc. v. Brickhouse Cafe & Lounge, L.L.C.*, 858 F.3d 310, 315 (5th Cir. 2017). Service must be effectuated by a "person who is at least 18 years old and not a party" to the case. Fed. R. Civ. P. 4(c)(2). An individual within a judicial district like the Southern District of Texas may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

5

>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). There are also specific requirements when serving a state or local government, as is the case here:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
>> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>>
>> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j). Crucially, service by mail is not explicitly authorized by the Federal Rules of Civil Procedure. *See Caceres-Mejia v. Watson*, 718 F. App'x 307, 308 (5th Cir. 2018) (per curiam).

Because the summonses were mailed, the only possible authorization for service by mail is the Texas Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(e)(1), (j)(2)(B). Under Texas Rule of Civil Procedure 106, a defendant "must be served by: (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." Tex. R. Civ. P. 106(a)(2). Like the Federal Rules of Civil Procedure, the Texas Rules of Civil Procedure limit *who* can serve: "(1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." Tex. R. Civ. P. 103. Moreover, "no person

who is a party to or interested in the outcome of a suit may serve any process in that suit[.]" *Id.*

## V.   DISCUSSION

Johnson argues service was effective because service via USPS is permissible and Hightower, not Johnson, mailed the summonses. (Dkt. No. 53 at 1–4). The Lavaca County and City of Hallettsville Defendants, in response, argue that Hightower is not authorized to serve under the Texas Rules of Civil Procedure. (Dkt. No. 57 at 1–2). The Court agrees with the Lavaca County and City of Hallettsville Defendants.

Magistrate Judge Hampton appropriately concluded that Johnson himself cannot serve the Defendants. (Dkt. No. 52 at 3). Whether under the Federal Rules of Civil Procedure or Texas Rules of Civil Procedure, Johnson cannot personally effectuate service because he is the plaintiff in this suit. Fed. R. Civ. P. 4(c)(2); Tex. R. Civ. P. 103. Nonetheless, Johnson objects that he did not personally serve the Defendants; rather, the summonses were mailed by Hightower, a non-party who was paid to mail the summonses and complaint. (Dkt. No. 53 at 1–4). Johnson further objects because he contends that he hired Hightower in accordance with a court order under Rule 103. (*Id.* at 3). These objections fall short.

There is no indication that Hightower falls within the scope of Rule 103. Rule 103 provides that process can served by any person authorized "by written order of the court[.]" Tex. R. Civ. P. 103. Contrary to Johnson's objection, this Court never authorized Hightower to serve the Defendants. *See Mayfield v. Dean Witter Fin. Servs., Inc.*, 894 S.W.2d 502, 505 (Tex. App.—Austin 1995, writ denied) (interpreting "court" under Rule 103 as

"the court in which the action at issue is pending"). Moreover, there is no indication that Hightower falls under any of the categories of people, such as sheriffs and constables, who are authorized to serve under Texas Rule of Civil Procedure 103. Thus, under these circumstances, the Court concludes that service via USPS was improper. *See* Tex. R. Civ. P. 99(a) ("The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition.").

Because the Defendants were not properly served, Johnson's Motions for Default Judgment and Motions for Entry of Default must be denied. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "After defendant's default has been entered, plaintiff may apply for a judgment based on such default." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *accord* Fed. R. Civ. P. 55(b). But a court cannot enter a default judgment unless the defaulting party was properly served with process. *See Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999). Indeed, "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, 1326, 143 L.Ed.2d 448 (1999).

Here, Magistrate Judge Hampton correctly concluded the Defendants were not properly served. Thus, Johnson's Motions for Default Judgment and Motions for Entry

of Default should be denied. Similarly, the Court agrees that Johnson's construed Motion for Service should be denied because Johnson needs to re-serve certain defendants.[6]

## VI.  CONCLUSION

After conducting *de novo* review of the M&R, the Court's **ACCEPTS** the M&R as the Court's Memorandum Opinion and Order. Accordingly,

It is therefore **ORDERED** that Johnson's construed Motion for Service, (Dkt. No. 13), is **DENIED WITHOUT PREJUDICE**.[7]

It is further **ORDERED** that Johnson's Motions for Default Judgment, (Dkt. No. 27); (Dkt. No. 28); (Dkt. No. 29); (Dkt. No. 30); (Dkt. No. 31); (Dkt. No. 32), and Motions for Entry of Default, (Dkt. No. 37); (Dkt. No. 38); (Dkt. No. 39); (Dkt. No. 40); (Dkt. No. 41); (Dkt. No. 42); (Dkt. No. 43), are **DENIED**.

It is SO ORDERED.

Signed on October 1, 2021.

*[signature: Drew B. Tipton]*

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

---

[6] Magistrate Judge Hampton concluded Johnson does not need to serve Defendants Yoakum Community Hospital, Lavaca County, Micah Harmon, Daniel Peters, Jr., Becky Perez, Timothy Pawlik, Jimmie Heiman, Mark Ivey, Sherry Henke, Stuart Fryer, the City of Hallettsville, and Roderick Johnson because each waived service by filing motions to dismiss that did not raise a service-related argument. (Dkt. No. 52 at 4 n.2); *see also* (Dkt. No. 18); (Dkt. No. 44). No party objects to this conclusion, and the Court adopts it in full. The other defendants must be re-served.

[7] "[B]efore requesting service by a marshal, the plaintiff should first attempt to make service by some other means provided for in the rule; only when this proves unfeasible should the plaintiff request that the district court direct a marshal to serve the summons and complaint." 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1090 (4th ed. 2021).