United States District Court
Southern District of Texas
**ENTERED**
March 14, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### VICTORIA DIVISION

| | | |
|---|---|---|
| **CRAIG DENNIS JOHNSON, JR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 6:21-CV-00018** |
| | § | |
| **YOAKUM COMMUNITY HOSPITAL;** | § | |
| **OFFICE OF THE ATTORNEY** | § | |
| **GENERAL; ASHLEY DIANE GIBBS;** | § | |
| **JILL SKLAR; WILLIAM OLD, III;** | § | |
| **MICAH HARMON; DANIEL PETERS,** | § | |
| **JR.; BECKY PEREZ; TIMOTHY** | § | |
| **PAWLIK; JIMMIE HEIMAN; MARK** | § | |
| **IVEY; ADAM CLARK; CALVIN** | § | |
| **ALBRECHT; RODERICK JOHNSON;** | § | |
| **SHERRY HENKE; STUART FRYER;** | § | |
| **LAVACA COUNTY SHERIFF'S OFFICE;** | § | |
| **LAVACA COUNTY; and CITY OF** | § | |
| **HALLETTSVILLE,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the January 14, 2022 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Julie K. Hampton. (Dkt. No. 77). In the M&R, Magistrate Judge Hampton recommends that the Court: (1) grant Yoakum Community Hospital's Motion to Dismiss; (2) grant the Lavaca Defendants' Motion to Dismiss;[1] (3) grant the Office of the Attorney General and Jill Sklar's Motion to Dismiss;

---

[1]     The Lavaca County Defendants include Lavaca County, Lavaca County Sheriff's Office, Micah Harmon, Daniel Peters, Jr., Becky Perez, Timothy Pawlik, Jimmie Heimen, Mark Ivey, Sherry Henke, Stuart Fryer, the City of Hallettsville, and Roderick Johnson. (Dkt. No. 44 at 1); (Dkt. No. 77 at 1, 17).

(4) grant Adam Clark's Motion to Dismiss; (5) dismiss claims against Ashley Diane Gibbs; and (6) deny *pro se* Plaintiff Craig Dennis Johnson, Jr.'s Motion for Leave to file an amended complaint.[2]

Johnson was provided proper notice and the opportunity to object to the proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Timely objections were filed, (Dkt. No. 79), and certain defendants filed Replies in support of the M&R. (Dkt. No. 80); (Dkt. No. 81). As a result, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

Having carefully reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a *de novo* review of the portions of the M&R to which Johnson's objections were directed, the Court **OVERRULES** Johnson's objections. The Court **ACCEPTS** the M&R as the opinion of the Court.

---

[2]    Magistrate Judge Hampton recommends that the Court dismiss for lack of jurisdiction claims against certain defendants because there is not diversity jurisdiction and Johnson fails to present a federal question. *See, e.g.,* (Dkt. No. 77 at 25). It is undisputed that Johnson does not allege diversity jurisdiction. *See* (Dkt. No. 79 at 1). Regarding federal question jurisdiction, under narrow circumstances, "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes . . . is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). This rule generally applies to claims that have "no plausible foundation" or are "clearly immaterial," "insubstantial," or "clearly foreclosed by a prior Supreme Court decision." *Carmichael v. United Techs. Corp.*, 835 F.2d 109, 114 (5th Cir. 1988). To be sure, Johnson's pleadings are difficult to comprehend. But whether a defendant, such as Gibbs, is a state actor for the purpose of 42 U.S.C. § 1983 is more naturally analyzed under the failure-to-state-a-claim standard. *Cf. Jackson v. City of Hearne*, 959 F.3d 194, 206 (5th Cir. 2020). This conclusion is in concert with the Supreme Court's more recent instructions regarding jurisdiction. *See, e.g., Fort Bend County v. Davis*, ____ U.S. ____, ____, 139 S.Ct. 1843, 1848, 204 L.Ed.2d 116 (2019). Accordingly, the claims are dismissed with prejudice rather than for lack of jurisdiction.

The Court **GRANTS** the following motions: (1) Yoakum Community Hospital's Motion to Dismiss, (Dkt. No. 18); (2) the Lavaca Defendants' Motion to Dismiss, (Dkt. No. 44); (3) the Office of the Attorney General and Jill Sklar's Motion to Dismiss, (Dkt. No. 47); and (4) Adam Clark's Motion to Dismiss, (Dkt. No. 60).  Accordingly, the Court **DISMISSES WITH PREJUDICE** Craig Dennis Johnson, Jr.'s claims against the following defendants: Yoakum Community Hospital; Lavaca County; Lavaca County Sheriff's Office; Micah Harmon; Daniel Peters, Jr.; Becky Perez; Timothy Pawlik; Jimmie Heimen; Mark Ivey; Sherry Henke; Stuart Fryer; City of Hallettsville; Roderick Johnson; the Office of the Attorney General; Jill Sklar; and Adam Clark.

The Court **DISMISSES WITH PREJUDICE** Craig Dennis Johnson, Jr.'s claims against Ashley Diane Gibbs.

The Court **DENIES** Plaintiff Craig Dennis Johnson, Jr.'s Motion for Leave to file an amended complaint.  (Dkt. No. 63).

The Court finally **DIRECTS** the Clerk to terminate from this civil action all defendants other than William Old, III and Calvin Albrecht.[3]

It is SO ORDERED.

---

[3]  Magistrate Judge Hampton notes that the remaining defendants are William Old, III and Calvin Albrecht.  (Dkt. No. 77 at 29).  On January 14, 2022, Magistrate Judge Hampton directed the United States Marshals Service to effectuate service on Old.  (Dkt. No. 78 at 3).  Old has not yet made an appearance.  Similarly, Albrecht has not made an appearance.  The last action in this case related to Albrecht was in June 2021 when Johnson moved for default judgment.  (Dkt. No. 38).  This Court denied that motion.  (Dkt. No. 69).

Signed on March 11, 2022.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**