United States District Court
Southern District of Texas
**ENTERED**
August 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| CRAIG DENNIS JOHNSON, JR, § § Plaintiff, § § VS. § WILLIAM OLD, III, *et al.*, § § Defendants. § | CIVIL ACTION NO. 6:21-CV-00018 |

## MEMORANDUM AND RECOMMENDATION

On April 22, 2021, Plaintiff Craig Dennis Johnson, Jr., filed this *pro se* lawsuit against multiple defendants, raising several claims relating to the validity of his child support responsibilities and an incident that led to his arrest during a state court hearing. (D.E. 1). The Court has previously dismissed his claims against all defendants except for Calvin Albrecht and Judge William Old III. (D.E. 82). The undersigned previously issued a Memorandum and Recommendation ("M&R") to dismiss Johnson's claims against Albrecht, which remains pending. (D.E. 85). Now pending is Judge Old's motion to dismiss (D.E. 86), in which he contends that Johnson lacks standing to raise his claims and that the claims are barred by judicial immunity, among other arguments. Johnson has not responded. As discussed further below, it is recommended that Judge Old's motion to dismiss (D.E. 86) be **GRANTED**.

I.  ALLEGATIONS

The undersigned has previously recounted Johnson's allegations in detail.  (D.E. 77 at 2-9).  In relevant part, Johnson alleges that he attended a state court hearing in December 2016 related to his child support responsibilities and other issues involving his children.  (D.E. 1 at 13).  Johnson attended the court hearing with his girlfriend, Andrea Hightower.  (*Id.*).  When the hearing began, Judge Old requested that Johnson approach the bench.  (*Id.* at 14).  Johnson denied that he was "Mr. Johnson" and claimed to be making a special appearance.  The court told him that, if he wanted to be heard, he needed to come within the bench.  Prior to doing so, Johnson wanted to say that he "would like all of [his] rights to be reserved and [his] property protected prior to crossing," but Judge Old would not let him finish.  Johnson would not cross the bench, so Judge Old told him to be quiet and allowed Gibbs's lawyer to speak.  (*Id.*).  Johnson attempted to object, but Judge Old again told him that if he wanted to speak, he needed to come within the bench.  (*Id.* at 14-15).  Johnson continued to make objections, and Judge Old stated: "Mr. Johnson, I'm going to tell you one more time, I'll let you talk but you need to be in here."  (*Id.* at 15).  Johnson again denied that he was "Mr. Johnson" and instead stated that he was "the administrator" and was "commonly known as Craig," but that the court could call him CJ.  Judge Old told him to come inside the bench.  Johnson again refused.  Judge Old again told him that if he would not come inside the bench, then he needed to sit down and be quiet.  When Johnson once again refused, Judge Old told him that he needed to leave the courtroom.  Johnson responded that "a man can't order another man to do something."  Judge Old responded that he was a district court judge and could, in fact, order Johnson to do something, but

2

then stated that he was willing to work with Johnson if Johnson would work with him. Johnson and Judge Old once again went through the same discussion about the need to step inside the bench. (*Id.* at 15-16).

After several more attempts to have Johnson come inside the bench, be quiet, or voluntarily leave, Judge Old had him removed from the courtroom. (*Id.* at 16). At this point, officers grabbed Johnson's arms and physically removed him from the room despite his continued objections. Hightower began to pick up Johnson's belongings, but in doing so dropped his cell phone, allowing another person in the gallery to notice that it was recording. Judge Old directed that the phone be confiscated, but Hightower refused to give up the phone, so Judge Old directed officers to remove her from the courtroom. (*Id.*). Johnson stood outside the glass door to the courtroom and watched what was happening, but officers pushed him away and arrested him. (*Id.* at 17).

Johnson attended a second hearing before Old on February 28, 2017. (*Id.* at 26). However, he alleges that Old was not acting as a judge at the time, but rather as a private contractor, and that all of the court employees violated various rights by allowing child support proceedings in family court and fraudulently pretending it was a district court. (*Id.* at 26-27).

Johnson alleges that no form of immunity applies to any of the defendants, although he does not say why. (*Id.* at 29). He alleges that Judge Old violated his rights in various ways, breached an unspecified contract with him, committed fraud, and impersonated a public official, among other things. (*Id.* at 36-39). In sum, Johnson seeks injunctive relief and "$13,000,000 in gold or silver coin." (*Id.* at 53-54). However, if no gold or silver coin

3

is available, Johnson would graciously accept his $13,000,000 in "U.S. commercial debt notes." (*Id.* at 54).

## II. DISCUSSION

In his motion to dismiss, Judge Old first argues that Johnson lacks standing to raise his claims because there is no justiciable controversy where the claims are based solely on Judge Old's actions in a state court proceeding in his adjudicatory capacity. (D.E. 86 at 3-4). Further, he argues that Johnson cannot show redressability because a federal court cannot issue an injunction directing a state court what to do, and damages are unavailable due to judicial immunity. (*Id.* at 4-5). Judge Old additionally argues that Johnson's claims are barred by the *Rooker-Feldman* doctrine and that he has failed to state a claim for which relief may be granted for several reasons. (*Id.* at 7-9). Judge Old has also filed an advisory noting that Johnson failed to respond to the motion to dismiss and that it should be granted for that reason alone. (D.E. 87 at 1-2).

Johnson has not responded.

"The case or controversy requirement of Article III of the Constitution requires a plaintiff to show that he and the defendants have adverse legal interests. The requirement of a justiciable controversy is not satisfied where a judge acts in his adjudicatory capacity." *Bauer v. Texas*, 341 F.3d 352, 359 (5th Cir. 2003) (internal citation omitted). "The requirement of a justiciable controversy is not satisfied where a judge acts in his adjudicatory capacity." *Id.* Beyond the case or controversy requirement, there are three elements a plaintiff must show to meet the constitutional minimum of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "First, the plaintiff must have suffered

4

an 'injury in fact.'" *Id.* "Second, there must be a causal connection between the injury and the conduct complained of." *Id.* "Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 561 (quoting *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 38, 43 (1976)).

"[F]ederal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *LaBranche v. Becnel*, 559 F. App'x 290, 290 (5th Cir. 2014). "The federal civil rights laws do not provide a vehicle to attack state court judgments nor to sanction the conduct of state court judges for actions taken within the scope of their judicial authority." *Bogney v. Jones*, 904 F.2d 272, 274 (5th Cir. 1990).

Judicial immunity is immunity from suit, not just from ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). The immunity is not overcome even "by allegations of bad faith or malice." *Id.* A judge may only be liable for actions not taken in his judicial capacity or for actions, though judicial in nature, that are taken in the complete absence of all jurisdiction. *Id.* at 11-12.

Here, as an initial matter, the undersigned takes judicial notice of the fact that Judge Old is the Presiding Judge of the 25th Judicial District Court of Texas. This fact is both generally known within this Court's territorial jurisdiction and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Johnson's bare allegation that Judge Old is merely impersonating a judge is meritless. As to Judge Old's argument in his advisory that his motion to dismiss should be granted solely because Johnson failed to respond, the Fifth Circuit has previously held

5

that a *pro se* party's failure to respond to a dispositive motion is not sufficient, standing alone, to warrant a dismissal of his claims with prejudice. *Johnson v. Pettiford*, 442 F.3d 917, 918-19 (5th Cir 2006). However, other reasons exist to dismiss Johnson's claims against Judge Old with prejudice.

Johnson's claims against Judge Old should be dismissed because he lacks standing to raise claims against Judge Old, and alternatively, his claims are barred by judicial immunity. First, as to standing, Johnson's allegations do not establish a justiciable controversy because his claims against Judge Old all arise from events wherein Judge Old was acting in his adjudicatory capacity. *Bauer*, 341 F.3d at 359. Specifically, Johnson contends that Judge Old violated his rights when conducting hearings related to Johnson's child support responsibilities and custody rights regarding his children. (*See* D.E. 1 at 13-17, 26-27). The acts Johnson complains of occurred entirely while Judge Old was acting in his adjudicatory capacity. Additionally, Johnson's allegations do not establish that it is likely that his injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560. As to injunctive relief, federal courts have no authority to direct a state court in the performance of its duties. *LaBranche*, 559 F. App'x at 290. As to damages, the federal civil rights laws do not allow a federal court to sanction the conduct of a state court judge for actions taken within the scope of his judicial authority. *Bogney*, 904 F.2d at 274. Because Johnson's allegations do not establish that there is a case or controversy or that it is likely that his injuries will be redressed by a favorable decision, he lacks standing to raise his claims against Judge Old.

Additionally, Judge Old has judicial immunity from suit and cannot be liable for actions taken in his judicial capacity. *Mireles*, 502 U.S. at 11-12. All of Johnson's claims against Judge Old arise from actions taken in his judicial capacity. (*See* D.E. 1 at 13-17, 26-27). Because there are already two valid reasons to dismiss Johnson's claims, it is unnecessary to address Judge Old's additional arguments.

## III. RECOMMENDATION

Accordingly, it is recommended that Judge Old's motion to dismiss (D.E. 86) be **GRANTED**. Further, should the Court adopt the undersigned's recommendations in both this memorandum and the pending M&R regarding Albrecht (D.E. 85), no defendants will remain, and it is recommended that Johnson's cause of action be **DISMISSED**.

Respectfully submitted on August 18, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).